IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RANDALL A. FULBRIGHT,

                Plaintiff,

     v.                             CASE NO. 18-3235-SAC

STATE OF KANSAS,

                Defendant.

**MEMORANDUM AND ORDER**

      Plaintiff, Randall A. Fulbright, is a pre-trial detainee confined in the Shawnee County Jail in Topeka, Kansas. Plaintiff filed this pro se civil rights complaint under 42 U.S.C. § 1983 against the State of Kansas alleging defects with his 2014 conviction for misdemeanor sexual battery and seeking relief from registration under the Kansas Offender Registration Act (KORA), K.S.A. 22-4901, et seq.

      The complaint was filed on September 10, 2018. Plaintiff has not paid the $400.00 district court filing fee[1] or filed a motion for leave to proceed in forma pauperis. However, Plaintiff has long been subject to the "three-strikes" provision under 28 U.S.C. § 1915(g).[2] Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated or detained in any

---

[1] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $50.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.
[2] *See Fulbright v. Kansas Bureau of Investigations*, No. 15-3127 (D. Kan. filed May 28, 2015), ECF Doc. 7 (dismissing plaintiff's complaint and finding the dismissal constituted plaintiff's third strike under 28 U.S.C. § 1915(g)).

facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). Accordingly, as Plaintiff has been repeatedly advised, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id*.

Mr. Fulbright alleges he is in imminent danger from "other dangerous inmates." ECF No. 1 at 2.

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger[.]" *Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172, 1175 (10th Cir. 2011) (*quoting Kinnel v. Graves,* 265 F.3d 1125, 1127-28 (10th Cir. 2001)). He should identify at least "the general nature of the 'serious physical injury' he asserts is imminent." *Id.* at 1179 (*quoting White v. Colorado*, 157, F.3d 1226, 1232 (10th Cir. 1998)). "[V]ague and utterly conclusory assertions," such as those made by Mr. Fulbright, are not sufficient. *Id.*

Furthermore, Mr. Fulbright draws no correlation between the alleged imminent danger and the basis of his lawsuit. To meet the imminent danger exception, "there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint." *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2nd Cir. 2009); *see also Davis v. CoreCivic*, 2017 WL 4269986, *1 (W.D. Okla. Sept. 26, 2017); *Lynn v. Roberts*, 2011 WL 3667171, *1 (D. Kan. Aug. 22, 2011). The imminent danger must be fairly traced back to the asserted wrongs so that judicial relief on his claims could possibly redress the alleged danger. *Pettus,* 554 F.3d at 298-99. Here, Mr. Fulbright has not demonstrated any nexus between the alleged imminent danger and the claims he asserts.

Accordingly, pursuant to § 1915(g), Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $400.00 district court filing fee[3] to the Court. If he fails to pay the full fee within the prescribed time, the complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

Even if Plaintiff's complaint were liberally construed as a petition for writ of habeas corpus, it would be subject to dismissal.[4] The Court does not have jurisdiction over a habeas claim based on Mr. Fulbright's 2014 conviction because he is no longer in custody pursuant to that conviction. A petitioner seeking habeas relief must be in custody under the challenged conviction or sentence at the time the application is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Nor is the resulting KORA registry requirement a sufficient restraint on liberty to qualify as being "in custody." *See Calhoun v. Att'y General of Colorado*, 745 F.3d 1070, 1074 (10th Cir. 2014). Moreover, Mr. Fulbright did not exhaust his state court remedies, and his habeas claim is not timely. *See* 28 U.S.C. § 2254(b)(1); 28 U.S.C. § 2244(d)(1). Finally, to the extent Mr. Fulbright is raising a challenge to the pending state charges of failing to register under KORA, the abstention doctrine precludes this Court's intervention in a pending state prosecution. *See Younger v. Harris*, 401 U.S. 37, 43 (1971); *see also Hicks v. Miranda*, 422 U.S. 332, 349 (1975).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **December 4, 2018,** to submit the $400.00 filing fee or to show cause why his complaint should not be dismissed. The failure to submit the fee or to show good cause by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

---

[3] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $50.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

[4] The Court incorporates by reference the more detailed discussion of the reasons this matter is subject to dismissal when construed as a habeas claim contained in the its orders dismissing case numbers 18-cv-03190-SAC, 18-cv-03191-SAC, 18-cv-03192-SAC, 18-cv-03211-SAC, 18-cv-03212-SAC, and 18-cv-03213-SAC.

**IT IS SO ORDERED.**

DATED: This 14th day of November, 2018, at Topeka, Kansas.

> s/ Sam A. Crow
> **SAM A. CROW**
> **U.S. Senior District Judge**